IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 8:09-788-TMC |
| | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Ormond Lee Clemons, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Ormond Lee Clemons' ("Clemons'") motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; for relief from final judgment pursuant to Rule 60(b); for clarification; for nihil decit default judgment; for an entry of default;  and for modification of sentence pursuant to 18 U.S.C.§ 3582(c)(2).   The Government has filed a Response and a Summary Judgment Motion to Clemons' § 2255 and 60(b) motions. For the reasons set forth below, Respondent's Motion for Summary Judgment is granted and Clemons' motions are denied.

On November 19, 2009, Clemons pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1); 841 (b)(1)(A); and 21 U.S.C. § 846 pursuant to a plea agreement. On March 18, 2010, Clemons was sentenced by United States District Judge Henry F. Floyd to sixty-four (64) months imprisonment, followed by five (5) years of supervised release. Judgment was entered on April 19, 2010.  Clemons did not file a direct appeal.  Clemons filed a 60 (b) motion on October 12, 2010 and on March 23, 2011, he filed the instant § 2255 motion raising essentially the same issues he raised in his 60 (b) motion. This matter was assigned to the undersigned on October 27, 2011.

**Standard of Review**

To obtain relief on a motion under 28 U.S.C. § 2255, the movant must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Thus, a movant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). However, if a movant does not raise a claim on direct review, he may not raise it for the first time on collateral review unless the movant can show (1) cause and actual prejudice or (2) actual innocence. *Bousley v.. United States*, 523 U.S. 614, 621–22, (1998).  If the movant cannot satisfy the cause and prejudice analysis, movant may be excused from default if the case falls "within 'the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). To do so the movant must establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

**Discussion**

In his § 2255 motion, Clemons states that he does not dispute his conviction, however, he argues that he was improperly sentenced under the crack cocaine statute.  In his motion for modification under 18 U.S.C. § 3582(c)(2), he makes essentially the same argument and contends that under the Fair Sentencing Act, he should have been sentenced to 37 to 46 months.  On December 16, 2011, United States District Judge Sol Blatt, Jr., ordered Clemons' sentence reduced from 64 moths to 37 months. (Dkt. # 337).  As it now

appears that Clemons has been granted the relief he sought, the court dismisses his § 2255 motion as moot.[1]

As noted above, prior to filing his § 2255 motion, Clemons filed a Rule 60(b) motion (Dkt. # 300) and a motion for clarification or, alternatively a motion for summary judgment on his Rule 60(b) motion. (Dkt. # 311). After the government did not respond to Clemons' motion for clarification, Clemons then filed a motion for nihil dicit default judgment in which he sought the court to grant his motion and reduce his sentence and a motion seeking to require the clerk to enter a default judgment. (Dkt. # 312 and 328). All of these motions deal with the same subject matter as Clemons' § 2255 motion. Accordingly, these motions are also dismissed as moot.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

---

[1]Moreover, a Rule 60(b) is inappropriate in a criminal action. Rule 60 addresses civil judgments and may not be used to attack a criminal conviction. *United States v. Grapes*, 2011 WL 195672, at *1 (4th Cir. Jan. 21, 2011) (unpublished) (holding that "[t]he Federal Rules of Civil Procedure do not provide a vehicle by which [Defendant] may challenge his criminal judgment.") (*citing United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999)); *see also United States v. Jenkins*, 2009 WL 1702076, at *3 (W.D.N.C. June 16, 2009) (holding that the court had no jurisdiction to consider petitioner's motion under Rule 60(b) challenging his criminal conviction and collecting cases regarding same).

As Clemons has been granted the relief he sought, Respondent's Motion for Summary Judgment (Dkt. # 322), and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. # 316); for relief from final judgment pursuant to Rule 60(b) (Dkt. # 300); for clarification (Dkt. # 311); for nihil decit default judgment (Dkt # 312); for an entry of default (Dkt. # 328); and for modification of sentence pursuant to 18 U.S.C.§ 3582(c)(2) (Dkt. # 330) are all  **DISMISSED as moot.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 10, 2012
Greenville, South Carolina